FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 10, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STAFONE N. FUENTES<br>Defendant. | NO: 2:14-CR-21-RMP-13<br>2:13-CR-177-RMP-1<br><br>ORDER DENYING CONSTRUED MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 |

BEFORE THE COURT is Defendant's *pro se* Construed Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, ECF No. 346 (in Cause No. 2:13-CR-177-RMP-1) and ECF No. 2292 (in Cause No. 2:14-CR-21-RMP-13). The Court has reviewed the motion, has considered the record, and is fully informed.

On November 5, 2014, Defendant Stafone Feuntes entered a guilty plea pursuant to a Fed. R. Crim. P. 11(c)(1)(C) plea agreement. *See* ECF No. 136. He pleaded guilty to the charges of Conspiracy to Distribute 50 Grams or More of Pure (Actual) Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846;

Distribution of 50 Grams or More of Pure (Actual) Methamphetamine in violation of 21 U.S.C. § 841(a)(1); and Distribution of 50 Grams or More of Pure (Actual) Methamphetamine in violation of 21 U.S.C. § 841(a)(1). *Id.* On February 24, 2015, the Court accepted the terms of the Fed.R. Crim. P. 11(c)(1)(C) plea agreement and sentenced Mr. Fuentes to 180 months of imprisonment, to run concurrent with Mr. Fuentes's sentence imposed in Cause No. 2:14-CR-21-RMP-13. ECF No. 172.

Mr. Fuentes raises several grounds in his *pro se* motion to challenge his sentence. *See* ECF No. 346 (in Cause No. 2:13-CR-177-RMP-1) and ECF No. 2292 (in Cause No. 2:14-CR-21-RMP-13). He argues that the Government contributed to the miscalculation of Mr. Fuentes's sentencing guideline score in three ways. *Id.* First, Mr. Fuentes argues that the Government erred in combining the amounts of the drugs for which he was charged. *Id.* Mr. Fuentes argues that combining the amounts of the drugs for which he was charged incorrectly placed him in a higher offense level. *Id.* Second, Mr. Fuentes argues that the Government considered Mr. Fuentes's involvement in the conspiracy incorrectly, causing his guideline score to be higher. *Id.* Third, Mr. Fuentes argues that the Government changed its assessment of the guideline calculation for a gallon of PCP. *Id.* Mr. Fuentes argues that in his plea deal, the Government stated that a gallon of PCP was equivalent to 10 kilograms of marijuana, but that, at sentencing, the Government stated that a gallon of PCP was equivalent to 72,576 kilograms of

marijuana. *Id.* Mr. Fuentes argues that the United States Probation Office used the Government's representation when it issued its sentencing recommendation. *Id.*

Mr. Fuentes also argues that the confidential informant involved in the case was unreliable, and argues that the confidential informant's lack of credibility is a fact that came to light after Mr. Fuentes's sentencing which should have been known and considered before Mr. Fuentes was sentenced. *Id.* Finally, Mr. Fuentes argues that he received a more severe sentence than the other defendants involved in the conspiracy. *Id.*

In response, the Government argues that Defendant waived his right to appeal his sentence when he knowingly and voluntarily entered into his plea agreement, that his motion is time-barred, and that Mr. Fuentes's claim that he is not satisfied with the calculation of his offense level fails on the merits. *See* ECF No. 352 (in Cause No. 2:13-CR-177-RMP-1).

A defendant's waiver of his right to appeal and to file a § 2255 motion is valid if the defendant consented to express terms knowingly and voluntarily. *United States v. Nunez*, 223 F.3d 956, 958 (9th Cir. 2000). The Court found that Defendant knowingly and voluntarily entered into his plea agreement. *See* ECF No. 136. The § 2255 waiver in the plea agreement is express. The written plea agreement explicitly stated that Mr. Fuentes relinquished his right to file any post-conviction motion attacking his conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of

ORDER DENYING CONSTRUED MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 ~ 3

counsel based on information that could not have been known by Defendant and which, in the exercise of due diligence, could not have been known by Defendant by the time that the Court imposed sentence. ECF No. 138 at 25. The Court finds that Mr. Fuentes has not alleged ineffective assistance of counsel in his construed motion, and therefore he has waived his right to file this post-conviction motion attacking his sentence.

Even if he had not waived his right to file a post-conviction motion attacking his sentence, the Court finds that Mr. Fuentes's present motion would be time-barred. An initial § 2255 motion must be filed within one year after the date the conviction became final, the date the Supreme Court initially recognized the basis for the claim, or the date the facts supporting the claim became known. 28 U.S.C. § 2255(f). If a petitioner does not appeal, his conviction becomes final upon the expiration of the 14-day period for filing a timely notice of appeal following the entry of judgment. Fed. R. App. P. 4(b)(1)(A). Judgments against Mr. Fuentes were entered February 25, 2015. ECF No. 172 (Cause No. 2:13-CR-177-RMP-1) and ECF No. 1205 (Cause No. 2:14-CR-21-RMP-13). Mr. Fuentes did not appeal his conviction or sentence within 14 days following the entry of the judgments. Thus, the last day that Defendant could have timely filed a § 2255 motion was March 11, 2016. Mr. Fuentes filed his letter that the Court construes as a motion on May 17, 2018, more than three years after the judgments became final. ECF No. 346 (in Cause No. 2:13-CR-177-RMP-1) and ECF No. 2292 (in Cause No.

2:14-CR-21-RMP-13). Therefore, the Court finds that Mr. Fuente's motion is time-barred.

Despite the fact that Mr. Fuentes waived his right to appeal and his motion is time-barred, the Court considers the merits of his motion. Although the Court construes Mr. Fuentes's pleadings liberally due to his *pro se* status, none of his arguments is applicable persuasive regarding his sentence. Mr. Fuentes had knowledge of the aggregation of the converted substances in his written plea agreement. ECF No. 138. In addition, the Court reviewed all aspects of his plea agreement with him during his change of plea hearing. He likewise was apprised of the facts upon which the Government relied for its sentencing recommendation. *Id.* Furthermore, there is no reference in the plea agreement to PCP, contrary to Mr. Fuente's argument. *Id.* The sentences other defendants received have no bearing on Mr. Fuentes's sentence, because his actions in the offense and his criminal history varied from that of co-defendants. Therefore, the Court has no basis to vacate, set aside, or correct Mr. Fuentes's sentence.

An appeal of this Order may not be taken unless a circuit judge or district judge issues a certificate of appealability (COA). 28 U.S.C. § 2253(c). The Court may only issue a COA "if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* The Court has no basis to find that any reasonable jurist would resolve Defendant's constitutional claims differently. Therefore, **no certificate of appealability shall issue**.

ORDER DENYING CONSTRUED MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 ~ 5

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Construed Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, **ECF No. 346** (Cause No. 2:13-CR-177-RMP-1) and **ECF No. 2292** (Cause No. 2:14-CR-21-RMP-13) is **DENIED**.

The District Court Clerk is directed to enter this Order and provide copies to counsel and pro se Defendant.

**DATED** August 10, 2018.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Court Judge